unnecessary or unreasonable, the question of whether it constitutes a nuisance is a question of fact. In this case the evidence shows that, even with the cart in the street, room was left for traffic to pass in single file, that the defendant was lawfully doing work at the time on the street for the convenience and necessities of the abutting owners, and that in the prosecution of such work it required tools and gasoline; and, upon this evidence, it seems to me quite clear that the court could not say that the present obstruction during the pendency of the work constituted a nuisance as a matter of law. The authorities cited by the plaintiff are entirely consistent with this view. In the case of Cohen v. Mayor, 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506, the court expressly recognizes the rule as stated in Callanan v. Gilman, 107 N. Y. 360, 14 N. E. 264, 1 Am. St. Rep. 831, but held that where a grocer used the street every night to store his wagons used in his private business, he necessarily unreasonably interferes with the public convenience. In Warden v. City of New York, 123 App. Div. 733, 108 N. Y. Supp. 305, the court showed that the contractor had in his contract agreed not to obstruct the sidewalk in his work, and the surrounding circumstances were such that the jury were bound to find that the obstruction was both unreasonable and unnecessary.

[5] The plaintiff further urges that the presence of an explosive like gasoline in the street is of itself so manifestly a source of danger that its presence in itself constitutes a nuisance. The evidence, however, shows that the gasoline was so protected that it was not explosive, and clearly raised a question of fact as to whether its presence on the street was unreasonable. Since every automobile using the streets must carry a considerable amount of gasoline, it would certainly seem unreasonable to hold that the mere presence of a similar quantity in a properly protected can on the street for use in work done on the street constitutes a nuisance as a matter of law.

Judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

(85 Misc. Rep. 40)

### BRANDT v. NEW YORK RYS. CO.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

1. STREET RAILROADS (§ 117*)—INJURIES TO PERSONS ON TRACKS—JURY QUESTION.

    Where an automobilist, who had an unobstructed vision for about 200 feet, started across a street in which there were car tracks, when no car was in sight, he was not negligent as a matter of law in crossing the tracks without again looking for cars, since no car could then be in dangerous proximity, unless it was being run at an excessive speed.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. § 117.*]

2. STREET RAILROADS (§ 114*)—INJURIES TO PERSONS ON TRACKS—ACTIONS—EVIDENCE.

    Proof that a street car, even after plaintiff's automobile was in clear view on the tracks, was operated at the excessive speed of 30 miles an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

    147 N.Y.S.—2

hour would support an inference of negligence on the part of those in charge of its operation.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–250; Dec. Dig. § 114.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth Dis-trict.

Action by William O. Brandt against the New York Railways Company. From a judgment of dismissal at the close of plaintiff's case, he appeals. Reversed and remanded.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Leon Kauffman, of New York City, for appellant.

James L. Quackenbush, of New York City (A. H. Cole, of New York City, of counsel), for respondent.

LEHMAN, J. [1] The plaintiff's automobile was injured by a collision with a trolley car operated by the defendant. The automobile had been standing on the west side of Broadway, a short distance south of Eleventh street. The collision occurred while the plaintiff was crossing the defendant's easterly track, in an attempt to turn his automobile to the north on the easterly side of Broadway. The plaintiff had an unobstructed view to the south for a distance of at least 200 feet, yet he did not see the defendant's north-bound car until he was in the middle of the track. At that time the defendant's car was 150 feet away, going at a speed of 30 miles an hour. The plaintiff did not attempt to pass in front of the car after he saw it, but thought he might avoid a collision if he reversed his automobile. The trial justice dismissed the complaint, holding that this testimony failed to show negligence on the part of the defendant, and did show negligence on the part of the plaintiff.

While there is no doubt but that the plaintiff failed to look south before he proceeded upon the defendant's easterly track, he did look north and south before he left the curb, and it is fairly inferable that he looked south again after he halted to let a south-bound car pass him, for he says that when he crossed the westerly track the south-bound car had already proceeded 100 feet. If he started across the street knowing that no car was in sight, I do not think that as a matter of law he should be held guilty of negligence for proceeding to cross the tracks without again looking for a car, since no car could then be in dangerous proximity, unless it came along at an unusual and excessive rate of speed.

[2] On the other hand, where the testimony shows that the car was proceeding at an unusual rate of speed, even after plaintiff's automobile was in clear view, negligence in the operation of the car may fairly be inferred.

It follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

BIJUR, J. (concurring). Plaintiff's story is that he started to cross the easterly north-bound track on Broadway at a time when he saw de-

---

fendant's north-bound car from 100 to 150 feet away from him.  He also says that the car was running at the rate of 30 miles an hour when it struck him.  The question whether the attempt to cross the track under those circumstances was an act of contributory negligence is, to say the least, one for the jury.

The judgment dismissing the complaint at the close of plaintiff's case must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

SEABURY, J., concurs.